**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

***

| | |
|---|---|
| SHERRIE E. BURKES, | 2:12-cv -01185-MMD-VCF |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | [Defendant's Motion to Dismiss (#9)] |
| COMMISSIONER SOCIAL SECURITY, | |
| Defendant. | |

Before the Court is Defendant's Motion to Dismiss (#9).

**Background:**

On July 5, 2012, Plaintiff filed the Motion/Application for Leave to Proceed in forma pauperis (#1). On July 26, 2012, the Court granted Plaintiff's Motion/Application for Leave to Proceed in forma pauperis and the Complaint (#5) was filed. On October 22, 2012, Defendant filed the Motion to Dismiss (#9). On May 20, 2013, it was ordered that Plaintiff had until June 4, 2013 to file an Opposition to Defendant's Motion to Dismiss (#13). Plaintiff filed her Motion to Extend Time to File Opposition on June 3, 2013. (#14). On June 10, 2013, the Court granted Plaintiff's Motion to Extend Time to File Opposition, extending the response deadline to July 5, 2013. (#15). To date, no opposition has been filed.

**Defendant's Motion to Dismiss:**

Defendant seeks to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted. (#9). Defendant asserts that on January 12, 2011, an Administrative Law Judge (ALJ)

issued a hearing decision denying Plaintiff's claim for a period of disability and disability insurance benefits under Title II of the Social Security Act (the Act), 42 U.S.C. §423, and supplemental security income (SSI) under Title XVI of the Act, 42 U.S.C. §1382, and mailed a copy of that decision to Plaintiff. Plaintiff filed a request for review of the ALJ's decision, and, on April 27, 2012, the Appeals Council denied Plaintiff's request for review making the ALJ's decision the final decision of the Commissioner. Plaintiff was mailed notice of the Appeals Council's action on April 27, 2012 and was given further notice of her right to commence a civil action within 60 days from the date of receipt of the notice. Plaintiff filed her lawsuit on July 5, 2012, 68 days after Plaintiff was mailed the Appeal's Council notice. There is no record of any request for an extension of time to file a civil action. *Id.*

Defendant argues that this matter should be dismissed because (1) it was untimely filed and (2) is barred by the statute of limitations. Defendant asserts that the only civil action permitted on any claim arising under Title II or Title XVI is an action to review the "final decision of the Commissioner made after a hearing" and that such action must be "commenced within sixty days after the mailing to [the party bringing the action] of notice of such decision or within such further time as the Commissioner may allow." The Commissioner's regulations define "mailing" as the date the individual receives the Appeals Council's notice of denial of request for review. See 20 C.F.R. § 422.210(c); see also 20C.F.R. §§ 404.981, 416.1481. The date of receipt is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary made to the Appeals Council. See 20 C.F.R.§§ 404.901, 416.1401, 422.210(c). *Id.*

**Analysis:**

Plaintiff filed a motion to extend the time to file an opposition to Defendant's Motion to Dismiss on June 6, 2013. (#14). The Court granted the motion and the opposition was due on or before July 5, 2013. (#15). To date, Plaintiff has not filed an opposition to Defendant's Motion to Dismiss. Pursuant

to LR 7-2 (d), "[t]he failure of an opposing party to file points and authorities in response to any motions shall constitute a consent to the granting of the motion."

## RECOMMENDATION

Because Plaintiff failed to file an opposition to Defendant's Motion to Dismiss, and good cause appearing that Plaintiff's Complaint was untimely and is barred by the statute of limitations, the undersigned U. S. Magistrate Judge recommends that Defendant's Motion to Dismiss (#9) be GRANTED.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 5th day of September, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE